UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

RONALD LOYD WHITWORTH )
)
vs. ) Case No. 2:11-cv-08016-KOB-HGD
)
UNITED STATES OF AMERICA )

## MEMORANDUM OPINION

On January 29, 2013, the magistrate judge entered his report and recommendation, giving the parties fourteen days to file objections to the recommendations made by the magistrate judge. (Doc. 69). On February 11, 2013, the petitioner, through counsel, filed objections to the magistrate judge's report and recommendation. (Doc. 72).

On February 6, 2013, the petitioner also filed his own objections. (Doc. 73). Although the court had no obligation to consider those objections, the court gratuitously reviewed them as well. Specifically regardubg the petitioner's own objections, the court notes that while he alleges a lack of understanding of certain matters, the record as a whole demonstrates that he is a college educated former police officer who had the benefit of ample opportunity to discuss matters with counsel and who expressed his understanding of the plea agreement to the court.

The record as a whole—including his signature in numerous places within the plea agreement itself and his responses during the plea hearing—reflect a full understanding.  Further, his protestation of innocence rings hollow; the petitioner as former police officer, more than many defendants, had a broad understanding of the charges against him, his options, the overwhelming weight of the evidence against him, and the choice he made to plead guilty.

After careful consideration of the entire record in this case, including the magistrate judge's report and recommendation and the petitioner's objections (docs. 72 & 73), the court hereby ADOPTS the report of the magistrate judge.  The court further ACCEPTS the recommendations of the magistrate judge that the court deny the Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (doc. 1); that the court deny the petitioner's motions for summary judgment (docs. 6& 48) and his Motion to Dismiss Criminal Charges (doc. 47); that the court deny as moot the petitioner's motion for estimated date of ruling on his § 2255 motion (doc. 61); and that the court deny the petitioner's motion to dismiss his criminal case (doc. 66).

After the magistrate judge filed his report and recommendation, the petitioner, on his own, filed three *additional* motions: Motion for Writ of Habeas Corpus Ad Testificandum (doc. 76); Motion for an Issuance of an Order for Immediate Release (doc. 81); and Petitioner's Motion for Findings of Fact and Conclusions of Law (doc 82).  The court finds that the Petitioner's Motion for

Issue of Writ of Habeas Corpus Ad Testificandum (doc. 76) is due to be denied. In that motion, the petitioner asks the court to direct the Marshal to return him to the Northern District of Alabama for an additional evidentiary hearing. In light of the fact that the magistrate judge held an evidentiary hearing on January 22, 2013, the court finds no grounds to grant this motion for an *additional* evidentiary hearing.

The court also finds that the petitioner's Motion for an Issuance of an Order for Immediate Release (doc. 81) is due to be denied. The petitioner bases his motion on the claim that his binding plea agreement provided for only a 60-month sentence. As discussed at length in the report and recommendation, the petitioner's reliance on this claim for a 60-month sentence is misplaced and erroneous. The court sentenced the petitioner to the 240 months that was required by the binding plea agreement—not 60-months as the petitioner claims.

The court further finds that in light of this Memorandum Opinion and Final Judgment entered this date, the Petitioner's Motion for Findings of Fact and Conclusions of Law (doc. 82) is due to be denied as moot.

The court also finds that the petitioner's motion for an evidentiary hearing (doc. 56) is due to be denied as moot. The magistrate judge held an evidentiary hearing in this matter on January 22, 2013.

The court will enter a separate order in conformity with this Memorandum Opinion.

DONE and ORDERED this 23${}^{nd}$ day of May, 2013.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE